UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KEVIN GODSEY, | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil No. 08-410-P-S |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
|     *Defendant* | ) | |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the commissioner supportably found that the plaintiff, who alleges that he has been disabled from working since July 1, 2003, by heart disease status-post childhood leukemia radiation treatment and major depression, was not disabled as of March 31, 2004, his date last insured for SSD benefits. I recommend that the decision of the commissioner be vacated and the case remanded for further development.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff remained insured for SSD purposes only through March 31, 2004, Finding 1, Record at 11; that, through his date last

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 19, 2009, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

insured, he had a severe impairment of heart disease status-post childhood leukemia radiation treatment, Finding 3, *id.*; that, through his date last insured, he retained the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b), Finding 5, *id.* at 13; that, considering his age (33 years old as of his date last insured), education (high school equivalent), work experience (unskilled), and RFC, jobs existed in significant numbers in the national economy that he could have performed through his date last insured, Findings 7-10, *id.* at 15; and that he therefore was not under a disability at any time through his date last insured, Finding 11, *id.* at 16.  The Appeals Council declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff contends that the administrative law judge erred in failing to apply Social Security Ruling ("SSR") 83-20. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (Docket No. 6) at 2-5. I agree, and conclude that the error warrants reversal and remand.

## I. Discussion

SSR 83-20 provides, in relevant part:

> In addition to determining that an individual is disabled, the decisionmaker must also establish the onset date of disability. In many claims, the onset date is critical; it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for any benefits.

SSR 83-20, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 49.

In October or November 2004, when he was 34 years old, the plaintiff suffered a heart attack for which he initially sought treatment in December 2004. *See* Record at 186, 280. Workups disclosed the presence of congestive heart failure and severe coronary artery disease. *See id*. at 280. In early January 2005, he underwent quadruple bypass surgery. *See id*. at 302. On January 18, 2005, he filed companion applications for SSD benefits and Supplemental Security Income ("SSI") benefits. *See id*. at 9. As the administrative law judge recognized, *see id.*, he was found disabled for purposes of SSI, as a result of which his SSI application was granted, *see id*. at 83-85. Yet, to obtain SSD benefits, he had to prove that he was disabled as of an earlier point in time, namely, March 31, 2004, his date last insured for SSD benefits.[2]

---

[2] Whereas entitlement to SSD benefits hinges in part on acquisition of insured status, entitlement to SSI benefits does not. *See, e.g., Splude v. Apfel*, 165 F.3d 85, 87 (1st Cir. 1999) ("In 1972, Congress added a new social security program to provide 'supplemental security income' (called 'SSI') for 'aged, blind and disabled' persons of limited means regardless of their insured status. This is a social welfare program funded out of general taxpayer revenues. SSI is available even to those who qualify for SSD, but SSD income is considered in determining whether a disabled person qualifies for SSI under the latter's means test.") (citations omitted); *Chute v. Apfel*, No. 98-417-P-C, 1999 WL 33117135, at *1 n.2 (D. Me. Nov. 22, 1999) ("To be eligible to receive SSD benefits the plaintiff had to have been disabled on or before her date last insured (March 31, 1995); however, eligibility for SSI benefits is not dependent on insured status.").

3

As the plaintiff's counsel observed at oral argument, this scenario presents the classic predicate for the triggering of the duty to apply SSR 83-20. *See, e.g., Beasich v. Commissioner of Soc. Sec.*, 66 Fed. Appx. 419, 432 (3d Cir. 2003) ("Here there was no dispute that, in the context of a separate application for SSI benefits, Beasich was determined to have been 'disabled' as of August 1, 1996, by his psychiatric condition that was the result of his head injury in 1981. In view of that earlier SSI disability finding, the task of the ALJ in the context here was to determine onset – *i.e.*, when Beasich's impairments first became disabling. An earlier onset date assessment is mandated when a claimant already has been found disabled and alleges an earlier disability onset date.") (footnote omitted). He failed to do so. *See* Record at 9-16.

At oral argument, counsel for the commissioner contended, as a threshold matter, that the duty to apply SSR 83-20 never was triggered in this case because (i) the administrative law judge did not find the plaintiff disabled at any point from his alleged onset date through the expiration of his date last insured and, alternatively, (ii) the commissioner had already determined, in the SSI context, that the plaintiff's onset date was in November 2004, coinciding with the approximate date of his heart attack.

The commissioner's first point misses the mark. A claimant need not prove that he was disabled prior to his date last insured to *trigger* application of SSR 83-20; rather, SSR 83-20 exists to aid in the determination of whether a claimant was disabled *during* that remote time period. Turning to the second point, while the administrative law judge observed at the outset of his decision that the plaintiff "was determined [for purposes of SSI] to be disabled as of November of 2004, meeting the severity requirements of Listing 4.04(B)(2)[,]"[3] Record at 9, the underlying disability decision is absent from the record. Onset date typically need not be

---

[3] Listing 4.04 covers "[*i*]s*chemic heart disease*, with symptoms due to myocardial ischemia . . ., while on a regimen of prescribed treatment[.]" Listing 4.04, Appendix 1 to Subpart P, 20 C.F.R. § 404.

established in the SSI context. *See* SSR 83-20 at 49 ("[E]xcept for certain cases of aliens where an exact onset date of disability must be determined for eligibility purposes, the only instances when the specific date of onset must be separately determined for a title XVI [SSI] case is when the onset is subsequent to the date of filing or when it is necessary to determine whether the duration requirement is met."). I am unwilling to accept as a given that an onset date of disability was established in the plaintiff's SSI case in accordance with the dictates of SSR 83-20 in the absence of review of the underlying decision.

The administrative law judge accordingly erred in omitting to apply SSR 83-20 to determine onset date in the instant SSD case.

As this court has held, *see, e.g., Kelly v. Astrue*, No. 06-168-P-S, 2007 WL 2021923, at *4 (D. Me. July 11, 2007) (rec. dec., *aff'd* Aug. 27, 2007), a failure to cite SSR 83-20 is harmless error only to the extent that the dictates of the rule are nonetheless heeded, *see, e.g., Briscoe ex rel. Taylor v. Barnhart,* 425 F.3d 345, 352 (7th Cir. 2005) ("The ALJ did not refer to SSR 83-20 specifically in his decision, but this omission by itself is not reversible error. We must determine whether the ALJ nevertheless properly applied the requisite analysis. Our review of the decision leads us to conclude that he did not."); *Field v. Shalal*[a], No. CIV. 93-289-B, 1994 WL 485781, at *3 (D.N.H. Aug. 30, 1994) ("The ALJ's failure to explicitly rely on SSR 83-20 does not by itself require remand. In this case, however, the ALJ's reasoning also fails to comport with SSR 83-20's substantive requirements.") (citation omitted).

SSR 83-20 imposes what might fairly be called heightened record-development duties, providing, in relevant part:

> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling

5

> level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.
>
> If reasonable inferences about the progression of the impairment cannot be made on the basis of the evidence in file and additional relevant medical evidence is not available, it may be necessary to explore other sources of documentation. Information may be obtained from family members, friends, and former employers to ascertain why medical evidence is not available for the pertinent period and to furnish additional evidence regarding the course of the individual's condition. . . .
>
> The available medical evidence should be considered in view of the nature of the impairment (i.e., what medical presumptions can reasonably be made about the course of the condition). The onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in SGA [Significant Gainful Activity] (or gainful activity) for a continuous period of at least 12 months or result in death. Convincing rationale must be given for the date selected.

SSR 83-20 at 51-52.

At oral argument, counsel for the commissioner contended that, assuming *arguendo* that the dictates of SSR 83-20 were applicable, they were followed in this case. This was so, he argued, because this was a case of disability "of traumatic origin," in which "onset is the day of the injury[.]" *Id*. at 50. He posited that the plaintiff's date of injury was the day of his heart attack.

Nonetheless, as the plaintiff's counsel rejoined at oral argument, his client did not experience an onset of traumatic origin in the same sense as a claimant who, for example, has been struck by a car. The record establishes, and the administrative law judge accepted, that the plaintiff was exposed to cardiotoxic leukemia treatments as a child that were noted to have affected his heart functioning as early as 1981. *See, e.g*., Record at 14. The question presented therefore is whether the administrative law judge followed the dictates of SSR 83-20 as it

pertains to disabilities of nontraumatic origin. I conclude, and recommend that the court find, that he did not.

The administrative law judge cannot be said to have been derelict in obtaining contemporaneous medical records for the period from the plaintiff's alleged date of onset of disability through his date last insured because there were none. The plaintiff testified that, despite his assertedly deteriorating medical condition, he refused to seek medical treatment until December 2004 because he was afraid of what he might be told, had neither insurance nor money, and he did not want to impose on others. *See id*. at 37-38.

On the other hand, the administrative law judge did not call upon the services of a medical advisor to infer the plaintiff's onset date of disability and gave no reasoned consideration to letters supplied by a former employer, Susan Jones, and the plaintiff's wife, Dawn Godsey, as well as the latter's testimony at hearing, describing the plaintiff's condition prior to his date last insured. *Compare id*. at 13-15 *with id*. at 40-44, 88, 174.

While SSR 83-20 does not mandate that a medical advisor be called or additional evidence be sought or considered in every instance, courts have construed one or both of those steps to be essential when the record is ambiguous regarding onset date. *See, e.g., Katt v. Astrue*, No. 05-55043, 2007 WL 815418, at *1 (9th Cir. Mar. 14, 2007) ("[A]n ALJ must call a medical expert if there is ambiguity in the record regarding the onset date of a claimant's disability. If the medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the administrative law judge to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination.") (citation and internal quotation marks omitted); *Blea v. Barnhart*, 466 F.3d 903, 910 (10th Cir. 2006) ("[A] medical advisor need be called only if the medical evidence of onset is ambiguous.") (citation

and internal quotation marks omitted); *Briscoe*, 425 F.3d at 353 ("The ALJ acknowledged that the medical evidence was inconclusive. Rather than explore other sources of evidence, as SSR 83-20 requires, the ALJ drew a negative inference at that point."); *Grebenick v. Chater*, 121 F.3d 1193, 1200-01 (8th Cir. 1997) ("It is important to understand that the issue of whether a medical advisor is required under SSR 83-20 does not turn on whether the ALJ could reasonably have determined that [claimant] was not disabled before September 30, 1982. Rather, when there is no contemporaneous medical documentation, we ask whether the evidence is ambiguous regarding the possibility that the onset of her disability occurred before the expiration of her insured status. If the medical evidence is ambiguous and a retroactive inference is necessary, SSR 83-20 requires the ALJ to call upon the services of a medical advisor to insure that the determination of onset is based upon a legitimate medical basis.") (citations and internal quotation marks omitted).

The plaintiff submitted a letter dated January 9, 2008, from Stephen E. Sallan, M.D., of the Dana-Farber Cancer Institute, where he received treatment for leukemia starting at age 5, stating that (i) he initially was diagnosed with acute lymphoblastic leukemia in January 1976, (ii) through July 1978, he was treated with an anti-leukemia drug that is well known to be toxic to the heart, (iii) in November 1980, following a relapse of his leukemia that April, he underwent an autologous bone marrow transplantation, in preparation for which he received two additional known cardiotoxic therapies, (iv) echocardiography reports show that he had measurable cardiac deterioration starting in January 1981, and (v) although his signs and symptoms of heart disease manifested themselves many years after receiving cardiotoxic treatments, the damage undoubtedly stemmed from those treatments. *See* Record at 463; *see also id*. at 19.

Importantly, the administrative law judge concluded that, prior to the plaintiff's date last insured, his "medically determinable impairment could reasonably [have been] expected to produce [his] alleged symptoms[.]" *Id.* at 14. He found him not to have been disabled prior to that date on the basis that his allegations concerning his condition at that time, which included asserted fatigue, decreased energy, difficulty breathing, and sleep disturbance, were not fully credible. *See id.* at 13-14. In turn, he found those allegations not to be fully credible in view of his failure to have sought medical treatment prior to December 2004 and the resultant absence of any contemporaneous medical records documenting his condition at that time. *See id.* at 14-15. Yet, that analytical approach flies in the face of SSR 83-20, which contemplates that once a claimant is found disabled, the date of onset of disability must be established and may be inferred, even in the absence of contemporaneous medical evidence.

The documented severity of the plaintiff's heart disease at the time that he finally sought treatment, coupled with Dr. Sallan's letter and the lay testimony of the plaintiff, his wife, and his former employer concerning his condition prior to his date last insured, fairly can be said to create an ambiguity concerning the onset date of his disability.[4]

In accordance with SSR 83-20, the administrative law judge should have considered the available lay testimony concerning date of onset and called a medical advisor to help him infer that date. His failure to do so warrants reversal and remand. While, upon remand, the plaintiff

---

[4] While the plaintiff's treating cardiologist, Jennifer L. Hillstrom, M.D., declined to offer an opinion as to whether the plaintiff was disabled prior to March 31, 2004, *see* Record at 459, that does not undercut a finding that the medical evidence concerning date of onset is ambiguous. In a letter dated November 15, 2007, Dr. Hillstrom wrote, in relevant part: "In terms of your question as to whether or not he was disabled prior to March 2004, I really unfortunately cannot comment on that. I met [the plaintiff] in the start of his documented cardiomyopathy in late 2004. Although we are suspicious that [the plaintiff's] coronary disease may be the result of the radiation he received as a child for leukemia[,] that is only conjecture and obviously probably was not playing a role in disability until his infarct [heart attack]." *Id.* In expressing that opinion, Dr. Hillstrom did not have the benefit of review of Dr. Sallan's January 9, 2008, letter detailing the plaintiff's cardiotoxic treatment for his leukemia, the finding of measurable cardiac deterioration starting in January 1981, and Dr. Sallan's opinion that "the damage was undoubtedly from the anti-leukemia therapy given in the late 1970's and early 1980's." Record at 463. Moreover, as the plaintiff's counsel pointed out at oral argument, the administrative law judge found that there was a medical basis for the disabling symptomatology the plaintiff claimed to have experienced prior to his date last insured.

may or may not be found to have become disabled prior to his date last insured – a matter on which I express no opinion – he is entitled to a proper determination of the date of onset of his disability in accordance with the dictates of SSR 83-20.

## II.  Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.   A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of June, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge