UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEVIN GODSEY,            )<br>                                         )<br>    Plaintiff              )<br>                                         )<br>v.                                    )<br>                                         )<br>MICHAEL J. ASTRUE,    )<br>Commissioner of Social Security,  )<br>                                         )<br>    Defendant             ) | Civil No. 08-410-P-S |

### RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES

The plaintiff applies for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, after obtaining remand of his Social Security Disability ("SSD") case to the commissioner for further proceedings.  *See* Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("Motion") (Docket No. 15); Reply Memorandum to Defendant's Partial Opposition to Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("Reply") (Docket No. 17).

He seeks a total of $3,251.00, consisting of $2,646.00 for 15.3 hours of attorney time expended through August 20, 2009, at an hourly rate of $173.00, plus a total of $605.00, at the same hourly rate, for 3.5 hours of attorney time spent replying to the commissioner's partial opposition to the Motion.  *See* Motion at 2; Affidavit of Daniel W. Emery ("Emery Aff."), attached thereto, ¶ 6; Reply at 5; Supplementary Affidavit of Daniel W. Emery ("Suppl. Emery Aff."), attached thereto, ¶ 3.

The EAJA provides, in relevant part:

1

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA allows fee reimbursement to a prevailing party only for "reasonable fees and expenses of attorneys[.]" *Id*. § 2412(b).

The commissioner concedes that the plaintiff is a prevailing party entitled to an award of attorney fees and that the hourly rate charged is reasonable. *See* Defendant's Partial Opposition to Plaintiff's Petition for Attorney's Fees Under the Equal Access to Justice Act ("Opposition") (Docket No. 16) at 2-3 & n.1. However, he partially contests the Motion on the ground that the total of 6.1 hours expended by the plaintiff's counsel between May 30, 2009, and June 18, 2009, reviewing the record and caselaw and preparing for oral argument was excessive and/or insufficiently documented to be justified. *See id*. at 3-5. He seeks a reduction of 5.1 hours, resulting in a total fee award of $1,764.60 for 10.2 hours of attorney time spent securing remand, billed at the hourly rate of $173.00. *See id*. at 5.

"The plaintiffs bear the burden of establishing the reasonableness of the rates and hours submitted in their application for fees." *Mason v. Maine Dep't of Corr*., 387 F. Supp.2d 57, 60 (D. Me. 2005). Billing judgment must be exercised. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (district court should exclude from fee-award calculation "hours that were not reasonably expended. Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.") (citation and internal quotation marks omitted).

The commissioner argues that counsel's expenditure of the challenged 6.1 hours preparing for oral argument was unreasonable because (i) prior to that time, the plaintiff's counsel had already submitted his client's statement of errors, (ii) he was limited to pressing only the points outlined therein, and (iii) he billed 1.8 hours, in addition to the challenged 6.1 hours, to prepare for and attend oral argument. *See* Opposition at 3-5 (citing *Kincaid-Boone v. Astrue*, No. 08-211-B-W, 2009 WL 861544, at *2 n.5 (D. Me. Mar. 30, 2009) (rec. dec., *aff'd* Apr. 21, 2009), for point that issues not raised in statement of errors are considered waived).

In his affidavit, the plaintiff's counsel explains that this case required consideration of caselaw decided between the filing of the statement of errors and the oral argument, necessitating more preparation time than in other appeals. *See* Emery Aff. ¶ 7. The commissioner responds that the plaintiff's counsel fails to elucidate which case or cases were decided that he was forced to review, thereby omitting to provide sufficient documentation to justify the request. *See* Opposition at 4-5. He contends that the request is, in any event, unreasonable in that:

1. During the time period in question, this court handed down only one relevant case, *Derosier v. Astrue*, Civil No. 08-274-B-W, 2009 WL 961508 (D Me. Apr. 7, 2009) (rec. dec., *aff'd* May 5, 2009). *See id*. at 5.

2. *Derosier* dedicates only two short paragraphs to the relevant issue, the application of Social Security Ruling 83-20 ("SSR 83-20"), and reiterates well-settled law. *See id.*

3. Even affording the plaintiff's counsel the benefit of the doubt, only one hour reasonably should have been expended reviewing *Derosier*. *See id*.

In his reply memorandum, the plaintiff's counsel confirms that the caselaw to which he alluded was *Derosier*, as well as cases cited therein. *See* Reply at 2-3. He explains that:

3

1. He did not represent the plaintiff at the administrative law judge hearing level and therefore was not as familiar with the 486-page record as he would have been had he done so. *See id.* at 3.

2. He did review the record in the context of preparing a request for review to the Appeals Council; however, in doing so, as in preparing the statement of errors, he viewed the issue primarily as a straightforward error of law. *See id.*

3. He concluded that *Derosier* "suggested a more involved legal and factual analysis than had been addressed in the Itemized Statement, specifically the need to focus on the medical evidence suggesting the alleged onset, and the need for ambiguity in that evidence." *Id.* at 2-3. As a result, he "needed to spend additional time both reviewing and analyzing the issues presented in *Derosier* and cases cited therein, and in additional record review to be able to respond to the more intensive factual inquiry required." *Id.* at 3.

4. He mentioned and discussed *Derosier* at oral argument. *See id.*

5. Even if he should have anticipated the legal and factual issues raised in *Derosier*, had he done so, he would have spent additional time preparing his statement of errors, and the overall time expended would not have been materially different. *See id.* at 4.

The commissioner's point that the plaintiff's counsel should have specified at the outset the caselaw to which he alluded and provided a more detailed explanation for his need to expend additional time – similar to that provided in his reply memorandum – is well-taken. *See Gamma Audio & Video, Inc. v. Ean-Chea*, 11 F.3d 1106, 1118 (1st Cir. 1993) (district court did not abuse discretion in discounting fee award in part on basis that many time-sheet entries were extremely vague, making it virtually impossible to determine whether requested hours were excessive, redundant, or otherwise unnecessary). The better practice is to provide such detail at the outset,

failing which counsel risks denial of a challenged portion of an EAJA fee request on the basis of lack of sufficient documentation to justify the time expenditure. Nonetheless, here, because (i) the plaintiff's counsel mentioned *Derosier* at oral argument, (ii) the commissioner correctly divined that the case requiring an additional time expenditure was *Derosier*, and (iii) the parties have joined issue on the matter, I proceed to consider the merits of the time expenditure.

It is reasonably clear from the plaintiff's counsel's itemized billing statement and his explanation in his reply memorandum that, in preparing the statement of errors, he relied on his review of the record in the Appeals Council context, as a result of which he expended a total of only 4.9 hours drafting and filing the statement of errors and fact sheet in this case. He presented only one issue in his statement of errors: that the administrative law judge had failed to apply SSR 83-20. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (Docket No. 6).

In an extensive and nuanced discussion, *Derosier* considered and rejected SSR 83-20 arguments nearly identical to those advanced by the plaintiff's counsel in his statement of errors. *Compare* Statement of Errors at 2-5 *with Derosier*, 2009 WL 961508, at *2-*6. The plaintiff's counsel prudently studied *Derosier* and new caselaw cited therein and re-reviewed the 486-page record with a view to distinguishing the facts in *Derosier* from those in his client's case. At oral argument, he cogently argued that this case was factually distinguishable from *Derosier*. The expenditure of 6.1 hours for careful review of *Derosier*, new caselaw cited therein, and the lengthy record was reasonable in the context of counsel's overall conduct of this case.

In carefully reviewing the record subsequent to the issuance of *Derosier*, he did not duplicate work already performed in prosecuting this case. He had relied in preparing the statement of errors on a record review that he had undertaken prior to filing it. Moreover, he

5

requests compensation for a total of only 15.3 hours of work performed in this court through August 20, 2009, a reasonable investment of time in securing a favorable result in a case with this voluminous a record, even on the strength of argument of a single issue. Accordingly, I recommend that, the commissioner's partial opposition notwithstanding, the fee request be allowed in full.

I likewise recommend allowance of the requested additional fee of $605.00 for counsel's work preparing and filing a reply to the commissioner's partial opposition to the instant fee request. In this circuit, attorney fees incurred in litigating EAJA fee applications are recoverable. *See, e.g., McDonald v. Secretary of Health & Human Servs.,* 884 F.2d 1468, 1480 (1st Cir. 1989) ("[W]here the government's underlying position is not substantially justified, plaintiff is entitled under the EAJA to recover all attorney's fees and expenses reasonably incurred in connection with the vindication of his rights, including those related to litigation over fees, and any appeal.") (citation and internal quotation marks omitted).

The sum of $2,646.00 requested in the Motion, added to the supplementary sum of $605.00 requested in the reply memorandum, yields a total of $3,251.00.

For the foregoing reasons, I recommend that the plaintiff's request for EAJA fees in the total amount of $3,251.00 be **GRANTED**. I further recommend that, pursuant to the plaintiff's assignment of any award of EAJA fees to his attorney, *see* Assignment, attached to Motion, said sum be payable to the plaintiff's counsel.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de</u> <u>novo</u> review by the district court is sought, together with a supporting memorandum,*

*within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of September, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge
